Cheshire
No. 92-568

JAMES I. AND MARY C.D. CARNIE

v.

TOWN OF RICHMOND & a.

September 21, 1994

*Bradley, Burnett & Kinyon, P.A.,* of Keene (*Beth R. Fernald* on the brief and orally), for the plaintiffs.

*Bell, Falk & Norton, P.A.,* of Keene (*Arnold R. Falk* on the brief and orally), for the defendant, Town of Richmond.

*Thomas R. Hanna,* of Keene, by brief and orally, for the intervenor, Paragon Communication, Inc.

## MEMORANDUM OPINION

BATCHELDER, J. The plaintiffs, James and Mary Carnie, appeal the decision of the Superior Court (*Brennan,* J.) upholding the defendant Town of Richmond Zoning Board of Adjustment's (ZBA) grant of a special exception to the intervenor, Paragon Communication, Inc. (Paragon). They argue that the structure Paragon seeks to build will exceed the height limitation in the Town of Richmond's (town) Zoning Ordinance. We reverse and remand.

The plaintiffs are abutters to Paragon's site for the construction of a 90- to 100-foot high "tower to support antennas" for its proposed cable television receiving facility. Because the structure would involve a commercial use in a residential district, Paragon applied to the ZBA for a special exception.

The ZBA granted the special exception, and the plaintiffs appealed to the superior court. *See* RSA 677:4 (1986). The court remanded to the ZBA to determine whether the zoning ordinance's thirty-five-foot height limitation, which does not apply to "chimneys or antennas," applied to the Paragon project. *See* TOWN OF RICHMOND ZONING ORDINANCE, art. 3, § 309 (as amended through March 13, 1990). The ZBA determined that the structure was an "antenna" and, accordingly, was exempt from the zoning ordinance's height limitation. The superior court affirmed the ZBA's decision, and this appeal followed.

*Cohen v. Town of Henniker,* 134 N.H. 425, 426, 593 A.2d 1145, 1146 (1991), governs our review. We will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous.

The issue before us is whether Paragon's proposed structure is an "antenna" within the terms of the zoning ordinance. The town and Paragon contend that the entire structure is an "antenna" and, therefore, that it falls within the exemption for "chimneys and antennas."

The term "antenna" is not defined in the zoning ordinance. Consequently, "the appropriate meaning as defined in a current dictionary of the American language shall apply." TOWN OF RICHMOND ZONING ORDINANCE, art. 15, § 1501.

"Antenna" is defined as "a usu[ally] metallic device (as a rod, wire, or arrangement of wires) for radiating or receiving radio waves." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 91 (unabridged ed. 1961). Although the town and Paragon argue that the entire structure is encompassed in the definition, common sense dictates that it is not.

> [M]ost telecommunications towers consist of a relatively slender metal structure ranging anywhere from about twenty-five feet to over one thousand feet in height. *The tower portion of the telecommunications facility is just that: a structure with no other function than to support or hold the electronic devices necessary for telecommunications. . . .* Affixed to a tower, then, will be one or more antennae [*sic*], which are responsible for the actual broadcasting and receiving of telecommunication signals.

T. Ragonetti, *A Towering Problem? Land Use Regulation of Commercial Broadcasting Towers,* 15 ZONING & PLAN. L. REP. 9, 10 (1992) (emphasis added).

Plaintiffs' counsel points out that the 2120-foot guyed Warszawa radio mast at Konstantynow, sixty miles northwest of the capital of

Poland, is the world's tallest-ever structure. N. MCWHIRTER, THE GUINNESS BOOK OF RECORDS 100 (P. Matthews ed. 1994). "The mast was so high that anyone falling off the top would reach terminal velocity and hence cease to be accelerating before hitting the ground." *Id.* Were we to accept the town and Paragon's proffered definition of "antenna," this structure would not violate the height limitation. We cannot envision that such a result was contemplated by the town residents when they adopted the zoning ordinance. Rather, it is more likely that what was contemplated by the term "antenna" was the ordinary, pre-cable television receiving antenna, albeit with a short supporting mast, mounted and affixed to many residences.

██ The town and Paragon also contend that fire safety alone is the rationale for the height restriction and, because the structure does not pose a fire hazard, it should be exempt from the limitation. RSA 674:17 (1986), however, does not restrict zoning ordinances to be designed only for fire safety. Consequently, that the structure may not be a fire hazard does not exempt it from the height limitation.

██ The trial court found that "it is commonly understood that virtually all antennas of whatever size include a supporting mast or structure and that the entire structure is encompassed within the meaning of 'antenna.'" Although we agree that an antenna must have a supporting mast, we disagree that the meaning of "antenna" in the exception to the town's height restriction encompassed a structure of this size. The trial court's determination, based upon our analysis, was legally erroneous. *See Cohen v. Town of Henniker,* 134 N.H. at 426, 593 A.2d at 1146. Accordingly, we reverse and remand.

*Reversed and remanded.*

All concurred.